IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHARON DELANA OWENS; and
CHERICE MONAE OWENS BURKE,

1:11-cv-3049-PA

Plaintiffs,

**ORDER**

v.

KLAMATH FALLS OREGON STATE
POLICE DEPARTMENT; et al,

Defendants.

**PANNER, District Judge:**

As noted in my prior orders, *Pro se* plaintiffs Sharon Owens
and Cherice Burke filed a complaint alleging slander and libel by
numerous defendants. Following oral argument, I granted two
Motions to Strike brought by defendants Klamath Falls Herald and
News, Ty Beaver, The Oregonian, and Noelle Crombie (#11), and Jim
Davis (#20). Before the court are: a motion for attorney fees and
costs by defendants Klamath Falls Herald and News, Ty Beaver, The
Oregonian, and Noelle Crombie (#29); a motion to dismiss by
Klamath Falls Police Department and Officer D.J. Marcoux (#23);
and a motion to dismiss by Klamath Falls Oregon State Police,
Dennis Yaws, Ed Caleb, and Klamath County District Attorney.

1 - ORDER

## BACKGROUND

The following allegations are taken from the Third Amended Complaint (#14).

In 2010, while investigating the 1971 rape and murder of Joyce Cross, Klammath Falls police officers questioned Lavon Owens. The officers also obtained DNA evidence from Lavon Owens. Following the questioning, Lavon Owens committed suicide. Lavon Owens left a suicide note complaining of police harassment. Immediately after the suicide, District Attorney Ed Caleb told the milling crowd that the suicide was due to a cold case investigation and that the investigation involved "good cop work." In the ensuing weeks, newspapers printed stories about the investigation.

## I. Sharon Owens' Bankruptcy Filing

Attorney Duane Bowsworth notified the court that plaintiff Sharon Owens recently filed for bankruptcy (after filing the complaint at issue). Pursuant to the automatic stay provision of 11 U.S.C. § 362(a), a bankruptcy filing operates as a stay the commencement or continuation of a judicial proceeding "against the debtor . . ." (Emphasis added). Claims brought by the debtor, however, could "inure to the benefit of the bankruptcy estate" and are not automatically stayed. Parker v. Bain, 68 F.3d 1131, 1138 (9th Cir. 1995). In other words, the automatic stay "does not prevent a plaintiff/debtor from continuing to prosecute its own claims nor does it prevent a defendant from protecting its interests against claims brought by the debtor." In re Palmade

2 - ORDER

Hills Property, LLC, 654 F.3d 868, 875 (9ᵗʰ Cir. 2011). As Sharon
Owens is a plaintiff here, this case is not subject to the
automatic stay provision of section 362(a).

The motion for attorney fees, however, is a claim against the
debtor's estate. The motion for fees is therefore stayed as to
Sharon Owens. The motion for fees is not stayed, however, as to
the motion for fees from co-plaintiff Cherice Burke. Ingersoll-
Rand Financial Corp. v. Miller Mining Co. Inc., 817 F.2d 1424,
1427 (9ᵗʰ Cir. 1987)("In the absence of special circumstances,
stays pursuant to section 362(a) are limited to debtors and do not
include non-bankrupt co-defendants.")(internal citations
omitted)). The Ninth Circuit adopted the reasoning of the Third
Circuit that "Multiple claim and multiple party litigation must be
disaggregated so that particular claims, counterclaims, cross
claims and third-party claims are treated independently when
determining which of their respective proceedings are subject to
the bankruptcy stay." Parker, 68 F.3d at 1137 (quoting Maritime
Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1204-05 (3d Cir.
1995)). Any award of fees against Cherice Burke will not impact
the bankruptcy proceedings against Sharon Owens.

## II. Request for Fees

Defendants Klamath Falls Herald and News, Ty Beaver, The
Oregonian, and Noelle Crombie seek an award of attorney's fees
pursuant to ORS 31.152(3). As noted above, following oral
argument, I granted moving defendants' special motion to strike
pursuant to ORS 31.150. ORS 31.152(3) states, "A defendant who

3 - ORDER

prevails on a special motion to strike made under ORS 31.150 <u>shall</u>
be awarded reasonable attorney fees and costs." (Emphasis added).
In addition to the mandatory language regarding the award of fees,
I note moving defendants' attorney submitted an affidavit stating:

> On two occasions I tried at length and with significant
> explanation to convey orally to plaintiffs that they
> could not prevail in this matter, with explanations of
> several defenses. I also explained the workings of the
> attorney fee provision in ORS 31.152(3), including the
> legislative determination that fees "shall be awarded"
> to prevailing defendants. I asked that plaintiffs'
> claims be voluntarily dismissed and delayed filing a
> Special Motion to Strike while trying to persuade
> plaintiffs not to go forward with claims that would
> result in an award of reasonable attorney fees. I
> subsequently had additional conversations with a
> paralegal who said that she was helping plaintiffs.
> Plaintiffs refused to voluntarily dismiss their claims
> and caused defendants to incur fees in the defense of
> those claims.

(Bosworth Decl., ¶ 6.)

Plaintiffs did not respond to moving defendants' request for
fees, and the time to respond has passed.

The factors I consider in determining the amount of fees
required by statute include: the time necessary to defend the
action, including the novelty and difficulty of the issues
presented; the fee customarily charged for similar legal services;
the results obtained; the experience, reputation, and ability of
the attorney; the objective reasonableness of the claim and
defenses presented; and the extent to which an award of fees would
deter others from asserting good faith claims in similar cases.
ORS 20.075.

Bosworth seeks $5,701.70 in fees for 13.40 hours of work at
$425.50 per hour. I conclude 13.40 hours of work is reasonable in

4 - ORDER

this instance. Bosworth had to review and research defenses for
multiple defendants regarding three complaints. Bosworth filed the
Special Motion to Strike, supported by a legal memorandum, a Reply
to plaintiff's Response, and had to travel to Medford for oral
argument. I note Bosworth spent 1.1 hours speaking with plaintiffs
and plaintiffs' paralegal in a futile attempt at convincing
plaintiffs to dismiss the complaint. Bosworth seeks no fees for
drafting his request for fees.

Bosworth's hourly rate of $425.50 is close to the 95th
percentile of $445.00 per hour charged by Portland corporate
counsel. Oregon State Bar 2007 Economic Survey. As noted by
Bosworth, the percentages date back to 2006 and do not account for
inflation. Bosworth is a litigation partner at Davis Wright
Tremaine LLP with 28 years of litigation experience in Portland.
Bosworth has "extensive experience in handling complex litigation,
including litigation regarding the media." (Docket 30, 2.) I
conclude Bosworth's hourly rate of $425.50 is reasonable under the
circumstances.

Although ORS 31.150 requires an award of fees in this
instance, I also consider that in an attempt to convince
plaintiffs to dismiss the claims (and thus avoid a Special Motion
to Strike), Bosworth explained to plaintiffs in some detail
exactly why the raised claims lacked merit. Bosworth also
explained the plaintiffs could well be liable for mandatory
attorneys fees. Despite the warnings, plaintiffs refused to
voluntarily dismiss the claims, compelling Bosworth to file a

5 - ORDER

Special Motion to Strike.

Bosworth's motion (#29) for $5,701.70 in fees, pursuant to ORS 31.152(3) is GRANTED as to Cherice Burke.

**III. Motions to Dismiss**

**Standards**

On a motion to dismiss, the court must review the sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient facts that "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). This plausibility standard requires the pleader to present facts that demonstrate "more than a sheer possibility" that defendant is liable for the alleged misconduct. Id.

In considering a motion to dismiss, a court must distinguish between the factual allegations and legal conclusions asserted in the complaint. Id. All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. American Family Ass'n, Inc. v. City & County of San Frncisco, 277 F.3d 1114, 1120 (9th Cir. 2002). The court construes *pro se* pleadings liberally, giving plaintiffs every benefit of the doubt. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 624 (9th Cir. 1988). At the pleadings stage, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Therefore, if the well-pleaded factual allegations plausibly give rise to the relief sought, a court

shall deny the motion to dismiss. Iqbal, 129 S.Ct. at 1950.

## DISCUSSION

The Klammath Falls Police Department and Officer D.J. Marcoux move to dismiss the complaint (#23). The Klammath Falls Oregon State Police Department, Ed Caleb, Klamath County District Attorney, and Dennis Yaws also move to dismiss the complaint (#32). Because *pro se* plaintiffs had yet to respond to the motion to dismiss, I noted potential deficiencies in the complaint in my order granting co-defendants' Special Motions to Strike. Plaintiffs failed to respond to either the motions to dismiss or my instructions on potential deficiencies in the complaint.

I previously noted that to prevail on a claim under 42 U.S.C. § 1983, a plaintiff must show that the defendant, while acting under color of state law, deprived the plaintiff of a federal constitutional or statutory right. See Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). I noted an officer is denied qualified immunity in a section 1983 action only if: (1) the facts, when viewed in the light most favorable to plaintiffs, show the officer's conduct violated a constitutional right; and (2) that right was clearly established and the officer would have understood his conduct to be unlawful. Torres v. City of Madera, 648 F.3d 1119, 1123 (9th Cir. 2011).

I conclude the moving defendants are entitled to qualified immunity. Plaintiffs have alleged no facts demonstrating any defendant violated plaintiffs' constitutional rights or that the individual would have understood such conduct was unlawful.

7 - ORDER

Plaintiffs' claims against the numerous defendants, which are all substantially similar, fail to allege the necessary specific facts required to support of their claims. The complaint merely alleges that officers investigated a crime and that in the course of the investigation, the officers obtained DNA evidence from Lavon Owens. The officers then questioned Lavon Owens. After the suicide, the officers closed the case. Ed Caleb allegedly told the crowd that the suicide was related to a cold case murder. Caleb allegedly told the family there was evidence linking Lavon Owens to the murder and then failed to provide that evidence to the family.

While plaintiffs are understandably distraught due to the suicide, their complaint fails to state a claim with the required specific factual allegations. The complaint relates a seemingly ordinary criminal investigation. The fact that Lavon Owens was never convicted of a crime does not mean defendants violated plaintiffs' constitutional rights.

Additionally, plaintiffs fail to state a claim for defamation. To state a claim for defamation under section 1983, "a plaintiff must allege loss of a recognizable property or liberty interest in conjunction with the allegation of injury to reputation." Cooper v. Dupnik, 924 F.2d 1520, 1532 (9th Cir. 1991). This heightened pleading requirement is known as the "stigma-plus" test. Id. An injury solely to one's reputation is not a liberty or property interest triggering the Fourteenth Amendment. Cooper, 924 F.2d at 1532.

8 - ORDER

Although plaintiffs allege former friends shunned them, and that plaintiffs had a difficult time socializing, I do not see allegations of the loss of any federally recognized property or liberty interest. Plaintiffs' 1983 claims are therefore dismissed with prejudice.

Plaintiffs also allege state law claims such as harassment, slander, and libel. Such claims have a two-year statute of limitations. Davis v. Harvey, 789 F.2d 1332, 1333 (9th Cir. 1986). Pursuant to the Oregon Tort Claims Act, plaintiffs were required to notify the public bodies of the officers involved withing 180 days of the alleged injury. ORS 30.275(2)(b). The notice requirement is mandatory. 30.275(1). Plaintiffs failed to allege they provided the notice required by law. Plaintiffs' state law claims are therefore dismissed without prejudice. Plaintiffs are granted 21 days to file an amended complaint alleging they provided the notice required by law. The failure to file an amended complaint will result in a dismissal with prejudice.

The Motion to Dismiss (#23) filed by the Klammath Falls Police Department and Officer D.J. Marcoux is GRANTED. The Motion to Dismiss (#32) filed by the Klammath Falls Oregon State Police Department, Ed Caleb, Klamath County District Attorney, and Dennis Yaws is GRANTED.

## CONCLUSION

The Motion for Attorney's Fees (#29) is GRANTED. The Motion to Dismiss (#23) filed by the Klammath Falls Police Department and Officer D.J. Marcoux is GRANTED.  The Motion to Dismiss (#32)

9 - ORDER

filed by the Klammath Falls Oregon State Police Department, Ed
Caleb, Klamath County District Attorney, and Dennis Yaws is
GRANTED. Plaintiffs are granted 21 days to file an amended
complaint. Failure to file an amended complaint will result in
dismissal with prejudice.

IT IS SO ORDERED.

DATED this __*14*__ day of May, 2012.

OWEN M. PANNER
U.S. DISTRICT JUDGE

10 - ORDER